**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| FIERRA HALL | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:25-CV-00013-RWS-JBB |
| | § | |
| PILGRIM'S PRIDE CORPORATION | § | |
| | § | |
| *Defendant.* | § | |

**VERDICT FORM**

In answering the following questions, follow the instructions I have given you. Your answers must be unanimous. Answer each question only if the instructions direct you to answer it.

**Question No. 1**

Has Ms. Hall proved by a preponderance of the evidence that she engaged in activity protected by the FDA Food Safety Modernization Act, as defined in Instruction No. 7?

Answer "Yes" or "No."

Answer: Yes

*If you answered "Yes" to Question No. 1, answer Question No. 2. If you answered "No" to Question No. 1, do not answer any further questions; have the foreperson sign and date this form.*

**Question No. 2**

Has Ms. Hall proved by a preponderance of the evidence that, before Pilgrim's Pride suspended or terminated her, at least one Pilgrim's Pride employee who participated in, influenced, or caused the decision to suspend or terminate her knew that she had engaged in protected activity, as explained in Instruction No. 9?

Answer "Yes" or "No."

Answer: Yes

*If you answered "Yes" to Question No. 2, answer Question No. 3. If you answered "No" to Question No. 2, do not answer any further questions; have the foreperson sign and date this form.*

**Question No. 3**

Has Ms. Hall proved by a preponderance of the evidence that her protected activity was a contributing factor in Pilgrim's Pride's decision to suspend her, to terminate her employment, or both, as explained in Instruction Nos. 9 and 10?

Answer "Yes" or "No."

Answer: Yes

*If you answered "Yes" to Question No. 3, answer Question No. 4. If you answered "No" to Question No. 3, do not answer any further questions; have the foreperson sign and date this form.*

**Question No. 4**

Has Pilgrim's Pride proved by clear and convincing evidence that it would have suspended and terminated Ms. Hall's employment, at the same time and in the same manner, even if she had not engaged in protected activity, as explained in Instruction No. 11?

Answer "Yes" or "No."

Answer: No

*If you answered "No" to Question No. 4, answer Questions No. 5, 6, 7, and 8. If you answered "Yes" to Question No. 4, do not answer any further questions; have the foreperson sign and date this form.*

**Question No. 5**

What sum of money, if paid now in cash, would fairly and reasonably compensate Ms. Hall for the wages, salary, bonus, and benefits she lost from August 28, 2024 to the date of your verdict as result of the termination of her employment, minus the earnings and benefits she received from other employment during that period, as explained in Instruction No. 12?

Answer in dollars and cents.

Answer: $ 145,673

**Question No. 6**

Has Pilgrim's Pride proved by a preponderance of the evidence that Ms. Hall failed to mitigate her damages, as explained in Instruction No. 12?

Answer "Yes" or "No." Answer: No

If you answered "Yes" to Question No. 6 what amount of the sum you found in Question No. 5 would Ms. Hall have avoided had she used reasonable diligence to obtain substantially equivalent employment?

Answer in dollars and cents: $ —

**Question No. 7**

What sum of money, if paid now in cash, would fairly and reasonably compensate Ms. Hall for the following damages, if any, that you find Pilgrim's Pride caused her, as explained in Instruction No. 12? Answer in dollars and cents for each item, and none other.

(a) Past emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, from August 26, 2024 to the date of your verdict: $ 200,000

(b) Future emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life: $ 60,000

**Question No. 8**

Answer the following two questions about Ms. Hall's future employment with Pilgrim's Pride, as explained in Instruction No. 12.

(a) For how many years, if any, after the date of your verdict do you find that Ms. Hall would have continued in her employment with Pilgrim's Pride had she not been terminated? Answer in years: 3

(b) What amount of wages, salary, bonus, and benefits, per year, do you find Ms. Hall would have earned from Pilgrim's Pride during that period? Answer in dollars and cents:

$ 65,000

Have the jury foreperson sign and date this verdict form, and then notify the court security officer that you have reached a verdict.

[redacted]

JURY FOREPERSON

Date: 11/19/26